**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DANIEL MARRY**                                                                          **PETITIONER**

**V.**                                        **No.  4:23-cv-01025-BRW-ERE**

**RODNEY WHITE, Sheriff of**
**Saline County, Arkansas**                                                         **RESPONDENT**

<u>**ORDER**</u>

For the reasons set out below, this case is DISMISSED without prejudice.

**I.      Background**

Petitioner Daniel Marry, a Saline County Detention Center inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 5, 2023, while on state probation, Mr. Marry was arrested for first-degree terroristic threatening.[1] This arrest and resulting charge triggered a probation revocation proceeding in *State v. Marry*[2] ("the Circuit Court case").

On September 15, 2023, Mr. Marry pleaded guilty to the probation violation in the Circuit Court case and was sentenced to 120 days in custody.[3] An online review of the Circuit Court case file indicates that Mr. Marry did not file a direct appeal; nor did he file a petition for post-conviction relief under Arkansas Rule of Civil Procedure 37.[4]

---

[1] Doc. No. 4 at 15.

[2] No. 63-CR-22-764-2 (Cir.  Ct. Saline Cnty., Ark.).

[3] Doc. No. 4 at 1.

[4] *See* https://caseinfo.arcourts.gov (last visited December 1, 2023).

1

Instead, on October 12, 2023, Mr. Marry filed a combined petition for writ of habeas corpus and motion to dismiss and vacate in Circuit Court case.[5] As of the date of this Recommendation, Mr. Marry's petition/motion in the Circuit Court case has not been ruled on.

On October 23, 2023, Mr. Marry filed a letter in this Court seeking release from state custody, which the Clerk of the Court properly filed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.[6] The letter raised the same or similar issues that Mr. Marry had raised in the October 12th petition/motion filed in the Circuit Court case. In an October 23, 2023 Order, the Court advised Mr. Marry that in order to continue with this action, he needed to file an amended habeas petition using the court-approved form, Form AO 241.[7]

On November 15, 2023, Mr. Marry filed an amended § 2254 petition, asserting a claim for ineffective assistance of counsel.[8] He alleges that his lawyer in the Circuit Court case misinformed him that if he pleaded guilty to a probation violation, he would only receive a sanction. *Id.* Mr. Marry also complains that he pled guilty even though his April 5 terroristic threatening charges had been dropped and that he was not represented by counsel when the Circuit Court issued the order of commitment.[9]

---

[5] *Doc. 4 at 18*. In support of his petition/motion filed in state court, Mr. Marry states that the charges filed against him for felony terroristic threatening had been dropped before he pleaded guilty, and that he was without counsel when the trial judge erred by issued the order of commitment. Doc. No. 4 at 18.

[6] Doc. No. 1.

[7] Doc. No. 2.

[8] Doc. No. 4.

[9] Doc. No. 4 at 6. Arguably, neither of these complaints raises a federal claim this Court can resolve. Federal courts, when considering a federal habeas petition, lack power to adjudicate alleged errors of state law unless those errors rise to the level of a federal constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

## II.    Discussion

District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[10]  In conducting this review, the Court "may take judicial notice of judicial opinions and public records."[11]

Here, the face of the amended petition and a review of the publicly available state court records shows that Mr. Marry has not exhausted his state remedies.

The exhaustion requirement mandates that a petitioner must have exhausted his available state court remedies before a federal court may grant habeas relief.[12] Exhaustion affords those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights.[13] State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."

State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[14] Before seeking federal habeas relief for any alleged violations of his federal

---

[10] *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts; 28 U.S.C. § 2243).

[11] *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir.1999)).

[12] 28 U.S.C. § 2254(b)(1)(A).

[13] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

[14] *Id*. at 845.

constitutional rights, Mr. Marry must raise those claims in the state courts and give them an opportunity to resolve the claims.

By his own admission, Mr. Marry has not exhausted his currently available state court remedies related to his September 2023 probation revocation and sentence. By pleading guilty, it is likely that Mr. Marry waived the right to direct appeal,[15] but he has post-conviction remedies available in state court to challenge his attorney's performance. To exhaust his remedies, Mr. Marry must first raise his ineffective assistance of counsel claim in a timely and properly filed petition in Saline County Circuit Court pursuant to Arkansas Rule of Criminal Procedure 37.[16] He must also appeal the Circuit Court's ruling, if adverse, to the highest state level of appealable review available to him.

After Mr. Marry has fully exhausted his state remedies, he may file a § 2254 petition in federal court.

---

[15] In Arkansas, there is no right to appeal from an unconditional guilty plea, but a criminal defendant may appeal from a conditional plea based on the denial of a suppression motion. *Hewitt v. State*, 362 Ark. 369, 370–71 (2005); Ark. R. App. P. Crim. 1(a) ("Except as provided by [Ark. R. Cr. P. 24.3(b) for conditional guilty pleas,] there shall be no appeal from a plea of guilty or nolo contendere."). The Arkansas Supreme Court has identified two exceptions: "(1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself; and (2) when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself. *Hewitt*, 362 Ark. at 371 (citations omitted).

[16] *VanOven v. State*, 2011 Ark. App. 46, 9 n.8 (2011). Under Arkansas law, Rule 37 petitions must be filed within ninety days of entry of judgment on a guilty plea. Ark. R. Crim. P. 37.2(c). *To file a timely Rule 37 petition, Mr. Marry must act promptly.*

**III.    Conclusion**

For the reasons set out above, Petitioner Daniel Marry's § 2254 is DISMISSED

WITHOUT PREJUDICE.

IT IS SO ORDERED this 1st day of December, 2023.


Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE